UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**JOHN KEITH HEBERT**                    **CASE NO. 6:19-CV-00410**

**VERSUS**                               **JUDGE JUNEAU**

**USA ET AL**                            **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

Pro se plaintiff, John Keith Hebert filed the instant complaint on March 25, 2019, contemporaneously with a Motion for Leave to Proceed *In Forma Pauperis* (IFP). His complaint makes numerous allegations against various defendants stemming time spent in Afghanistan working for a private security firm. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Background

Plaintiff's 43-page Complaint consists of various claims made against over 75 defendants, including the United States of America, former C.I.A. Director John Brennan, the State of California and President Donald J. Trump. Plaintiff's claims stem from his work for a private security firm in Afghanistan in 2014, and the issues

that have arisen since his termination, including mental, health physical health and financial problems.

## Law and Analysis

IFP status is a privilege, not a right, that is based on the "policy of equality of access, ensuring that those who cannot afford the payment of costs have the same ability to present meritorious claims as those who cannot afford such payment." *Enters v. Clear Channel Communs*, Civil No. SA-14-365-FB, 2014 U.S. Dist. LEXIS 191421, *6 (W.D. Tex., May 19, 2014) (citing *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953 (4th Cir. 1995) (en banc), *cert. denied*, 516 U.S. 1177 (1996)); *see also Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). A person need not be "absolutely destitute" to proceed. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948). Rather, IFP status is available to a person who declares to the Court, by way of affidavit, that he "cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'" *Id*.

Assuming that a plaintiff does meet the financial prerequisites to proceed IFP, plaintiff must also establish that he has raised a non-frivolous issue. The applicable standard is found in 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that —

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal —
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

Title 28, United States Code, § 1915(e) accords courts not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to pierce the veil of plaintiff's allegations and dismiss those claims whose factual contentions are clearly baseless. *Id*. at *7; *see also Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Jackson v. Stinnett*, 102 F.3d 132, 136-37 (5th Cir. 1996). If the Court has the authority to dismiss a non-prisoner case as frivolous once it has been filed, then the Court has the inherent authority in a non-prisoner case to deny leave to proceed *in forma pauperis* to preclude the filing of a frivolous complaint or claim. *Id*. at n 41. In an action filed IFP, a court may raise *sua sponte* the issue of whether an action is malicious or frivolous under § 1915(e). *Id.; (citing Neitzke*, 490 U.S. at 327; *see also Green v. McKaskle*, 788 F.2d 1116, 1119-1120 (5th Cir. 1986) ("A district court may dismiss an IFP proceeding brought by a prisoner for frivolity or maliciousness at any time before or after service of process and before or after the defendant's answer.")) Dismissal of a claim as frivolous under § 1915(e) is permissible when

the claim lacks an arguable basis either in law or in fact. *Id. (citing Neitzke*, 490 U.S. at 325; *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998); *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Id. (citing Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998)). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Id. (citing Denton*, 504 U.S. at 32-33). Typical examples of claims which can be dismissed pursuant to § 1915(e), or its predecessor, § 1915(d), include: (1) claims against which it is clear that the defendants are immune from suit, (2) claims of infringement of a legal interest that clearly does not exist, and (3) claims which are barred by limitations. *Id*. at *8.

A case is not frivolous simply because it fails to state a claim. *Id. (citing Neitzke*, 490 U.S. at 33; *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1997); *Gartrell v. Gaylor*, 981 F.2d at 259; *Ancar v. Sara Plasma, Inc.*, 964 F.2d at 468.) But, if the claim has no arguable basis in law or fact, the complaint can be dismissed under § 1915(e). *Id. (citing Gartrell v. Gaylor*, 981 F.2d at 259; *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Mayfield v. Collin*s, 918 F.2d 560, 561 (5th Cir. 1990). "A complaint is legally frivolous if it is premised on an 'undisputably

meritless legal theory.'" *Id. (citing Boyd v. Biggers*, 31 F.3d at 281-82 (*quoting Neitzke*, 490 U.S. at 327.)) An IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915(e). *Id. (citing Ancar v. Sara Plasma, Inc.*, 964 F.2d at 468; *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Furthermore, when it is clear from the face of the complaint that the claims asserted are subject to an obvious meritorious defense, dismissal with prejudice is appropriate. *Id. (citing Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993).

Plaintiff's complaint consists of fanciful claims of government corruption, political coverups and conspiracies. He makes claims of "outer space warfare" [Rec. Doc. 1, p. 11], "environmental modification techniques while using false claims of climate change and global warming [*Id*. at p 13], and "conspiracy to commit extermination" [*Id*. at p. 14]. Plaintiff seeks billions of dollars in damages, and other forms of relief including "political asylum" and "a place of refuse and security" in Nevada and entry in the witness protection program..

The Court has considered plaintiff's allegations and concludes that they frivolous and, for that reason, plaintiff's complaint should be dismissed.

## Conclusion

Plaintiff's claims are fanciful, frivolous, or fail to state a claim for which relief may be granted.

Therefore,

**IT IS RECOMMENDED** that plaintiff's motion to for leave to proceed *in forma pauperis* [Rec. Doc. 2] be **DENIED**.

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District**

**Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 13th day of May, 2019.

**Carol B. Whitehurst
United States Magistrate Judge**